**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-60412

(Summary Calendar)

_____

FREDDIE C. GADDIS,

Petitioner,

versus

UNITED STATES RAILROAD RETIREMENT BOARD,

Respondent.

_____

Petition for Review of a Decision of the
Railroad Retirement Board
USRRB No. 00-AP-0156

_____

April 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Freddie C. Gaddis appeals the Railroad Retirement Board's (the "Board") denial of his claim

for benefits under the Railroad Unemployment Insurance Act ("RUIA"), 45 U.S.C. §§ 351 et seq.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gaddis worked for a railroad employer in 1977 and 1978. While working for the railroad company, he suffered an injury which ultimately forced him to quit. Allegedly suffering from the residual effects of his earlier injury, Gaddis filed an application for benefits under RUIA, claiming an inability to work due to sickness for the period beginning on April 1, 2000. He then amended his claim so as to apply for unemployment benefits dating back to September 20, 1996. A hearings officer denied Gaddis's claim because he lacked sufficient railroad wages in the year preceding his alleged disability in order to qualify for benefits under the statute. Gaddis appealed this decision to the Board. The Board then unanimously affirmed the decision of the hearings officer rejecting Gaddis's benefits claim.

Gaddis now appeals the Board's decision denying his claim. We have jurisdiction to review decisions of the Board pursuant to 45 U.S.C. § 231g. Under that provision, "a decision of the Board should not be set aside on judicial review if it is supported by substantial evidence in the record, and was not based on an error of law." *Fingar v. U.S. R.R. Retirement Bd.*, 402 F.2d 544, 547 (5th Cir. 1968); 45 U.S.C. § 355(f).

The Board concluded that Gaddis was not a "qualified employee" within the meaning of RUIA because he did not receive sufficient compensation from a railroad company during the previous year in order to qualify for benefits. RUIA provides that "[b]enefits shall be payable to any qualified employee for each day of unemployment . . .." 45 U.S.C. § 352(a). An employee is a "qualified employee" if the Board finds that "his compensation with respect to the base year will have been not less than 2.5 times the monthly compensation base for months in such base year. . .." 45 U.S.C. § 353. The base year is the calendar year immediately preceding the beginning of the year in which the employee is seeking benefits. 45 U.S.C. § 351(n). Thus, in order to receive benefits under RUIA, the claimant must have a sufficient amount of income from a railroad position in the year

immediately proceeding his benefits claim.

Gaddis asserts that he is claiming benefits from September 20, 1996. Under RUIA, therefore, he must have sufficient railroad compensation in 1995 in order to receive benefits. Gaddis admits that he has not worked for a railroad since his injury in 1977 and that he did not receive any railroad compensation in 1995. Instead, he argues that he is entitled to sickness benefits because his current disability is the result of residual problems from an injury he sustained while working in the railroad industry. The RUIA, however, focuses solely on whether the claimant received compensation in the year immediately preceding his or her benefit claim in an attempt to partially replace some of an individual's railroad earnings lost due to sickness or unemployment. *See* 20 C.F.R. § 340.10(c)(1). Here, Gaddis is seeking replacement of non-railroad earnings as a result of an injury incurred years earlier while working for a railroad employer. RUIA was not intended to address these types of claims.

The Board's decision is based upon substantial evidence and is not based upon an error of law. For the foregoing reasons, the Board's decision is AFFIRMED.